IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **EASTERN REGIONAL MEDICAL CENTER, INC.**, <u>et al.</u>, | : : : | |
| Plaintiffs/Judgment Creditors, | : : : | |
| v. | : : | Civil No. 2:13cv552 |
| **ANTHONY JONES**, | : : : | |
| Judgment Debtor, | : : | |
| and | : : | |
| **RAMADA VIRGINIA BEACH OCEANFRONT**, | : : : | |
| Garnishee. | : : | |

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter was before the court on post-judgment garnishment proceedings filed by the plaintiffs, Eastern Regional Medical Center, Inc. and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C. (collectively "Eastern Regional"). Eastern Regional received judgment in this court against the defendant, Anthony Jones ("Jones"), in the amount of $1,030,719.13, along with post-judgment interest from the date of the judgment which was June 17, 2014.

Shortly after receiving judgment, Eastern Regional initiated garnishment proceedings against Jones as the judgment

1

debtor, and Professional Hospitality Resources, Inc. as Garnishee. (ECF No. 20-21). The garnishee filed an answer and on March 30, 2016, the undersigned conducted a hearing at which Eastern Regional was represented by counsel. Defendant Jones, also appeared in person. During the hearing, Jones acknowledged entry of the judgment. Although The Garnishee had answered, it had not yet withheld any wages. For his part, Jones acknowledged that he still worked for the Garnishee. Counsel for Eastern Regional advised that he was communicating with counsel for the garnishee and would prepare an Agreed Order of Garnishment. The parties also discussed consenting to magistrate judge jurisdiction so that the undersigned could enter the Agreed Garnishment Order.

Thereafter, the parties submitted an Agreed Garnishment Order, as well as a Consent to Proceed Before a United States Magistrate Judge signed by both Eastern Regional and the Garnishee. Although Jones had earlier indicated that he would consent to magistrate judge jurisdiction, he did not file or return a written consent.

Accordingly, it appearing to the undersigned that Eastern Regional properly served a Garnishment Summons on the Garnishee and Jones, as indicated by the Garnishee's answer (ECF No. 21), and Jones' personal appearance at the hearing before the undersigned on March 30, 2016 (ECF No. 22). No party has

2

disputed or otherwise objected to the terms of the Garnishment and Eastern Regional and the Garnishee have submitted an Agreed Order of Garnishment as indicated by the status report filed April 28, 2016. The undersigned RECOMMENDS that the court enter the Order of Garnishment included with the status report (ECF No. 25-1) and attached to this Report and Recommendation as Exhibit A.

## **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment

of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation, along with the attached Exhibit A, to Defendant, Anthony Jones, at the address provided in the Certificate of Service.

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 29, 2016

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Anthony Jones**
3185 Glastonbury Drive
Virginia Beach, Va. 23453-5537

**Lee Westnedge, Esq.**
General Counsel
Gold Key/PHR Hotels and Resorts
300 32nd Street, Suite 500
Virginia Beach, VA 23451

A copy of the foregoing was provided electronically this date to:

**John Alexander Nader**
Stradley Ronon Stevens & Young, LLP (DC)
1250 Connecticut Avenue, NW
Suite 500
Washington, DC 20036

Fernando Galindo, Clerk

By /s/ **T. Brown**
_____
Deputy Clerk

**April 29**_____, 2016

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| EASTERN REGIONAL MEDICAL CENTER, INC., et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANTHONY JONES, ) <br> ) <br> Defendant. ) <br> _____) | Case No.: 2:13-cv-00552-RBS-DEM |

## ORDER OF GARNISHMENT

**UPON CONSIDERATION** of the Suggestion of Garnishment of Plaintiffs, Eastern Regional Medical Center, Inc. and Cancer Treatment Centers of America Professional Corporation of Pennsylvania, P.C., ("Plaintiffs"), argument by counsel and Defendant, Anthony Jones on March 30, 2016, it is this _____ day of _____, 2016:

**ORDERED** that the Plaintiffs are entitled to garnishment in the amount of 25% of Defendant's maximum disposable earnings as provided for in the Virginia Code; and it is further

**ORDERED** that the Garnishee, Professional Hospitality Resources, Inc., shall garnish on a biweekly basis $490.72 from Defendant's wages; and it is further

**ORDERED** that the Garnishee shall, on a biweekly basis, remit payment to Plaintiffs' counsel of record; and it is further

**ORDERED** that this matter is **CLOSED**.

ENTERED: _____

_____
UNITED STATES DISTRICT JUDGE